Richard A. Mincer, #6-2886
Jacob L. Brooks, #6-3972
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, WY 82003
(307) 632-0541
FAX: 307-632-4999
rmincer@hirstapplegate.com
jbrooks@hirstapplegate.com

Joanna R. Vilos, #6-4006
Matthew J. Smith (*pro hac vice motion pending*)
HOLLAND & HART, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
(307) 778-4200
jvilos@hollandhart.com
mjsmith@hollandhart.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 FEB 18  PM 3 20

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EAGLEMED, LLC, a Delaware limited liability company, MED-TRANS CORPORATION, a North Dakota Corporation, AIR METHODS CORPORATION, a Delaware Corporation, and ROCKY MOUNTAIN HOLDINGS, LLC, a Delaware limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF WYOMING, ex rel., DEPARTMENT OF WORKFORCE SERVICES, WORKERS' COMPENSATION DIVISION, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **15CV 26 -J** <br><br> Civil Action No.: _____ |

## *COMPLAINT FOR DECLARATORY JUDGMENT*

Plaintiffs EagleMed, LLC, Med-Trans Corporation, Air Methods Corporation and Rocky

Mountain Holdings, LLC, for their Complaint against Defendant the State of Wyoming, ex rel.



Receipt # *CH402 1272*
Summons: ___1___ issued
_____ not issued

Department of Workforce Services, Workers' Compensation Division, state and allege as follows:

## PARTIES

1.      EagleMed, LLC ("EagleMed") is a Delaware limited liability company with its principal place of business located in Kansas.

2.      Med-Trans Corporation ("Med-Trans") is a North Dakota corporation with its principal place of business located in Texas.

3.      Air Methods Corporation ("AMC") is a Delaware corporation with its principal place of business located in Colorado.

4.      Rocky Mountain Holdings, LLC, ("RMH"), a wholly owned subsidiary of AMC, (RMH and, collectively with EagleMed, Med-Trans, and AMC may be referred to as "Plaintiffs") is a Delaware limited liability company with its principal place of business located in Colorado.

5.      State of Wyoming, Department of Workforce Services, Workers' Compensation Division ("Division") is a Wyoming state agency located in Wyoming.

6.      The Division is a state agency tasked with operating and administering the Wyoming's Workers' Compensation program.  The Division is not an insurance company and not subject to state or federal rules or regulations governing insurance providers.

## JURISDICTION AND VENUE

7.      The Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331 in that it is a civil action arising under the Constitution, laws, or treatises of the United States.

8.      This matter is brought pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.A. §§ 2201-2202.

- 2 -

9.      Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 in that Defendant Division is subject to personal jurisdiction in the District of Wyoming.

## BACKGROUND

10.     Each Plaintiff provides air ambulance services throughout the United States, including Wyoming.

11.     EagleMed, Med-Trans and AMC each hold a "Part 135 Certificate" issued by the Federal Aviation Administration ("FAA") pursuant to 14 C.F.R. Part 135.  See **Ex. A** (Plaintiffs' Part 135 Certificates).

12.     The FAA grants Part 135 Certificates pursuant to the legislative direction of Congress, which sets forth in the Federal Aviation Act, 49 U.S.C. § 44705, that:

> The Administrator of the Federal Aviation Administration shall issue an air carrier operating certificate to a person desiring to operate as an air carrier when the Administrator finds, after investigation, that the person properly and adequately is equipped and able to operate safely under this part [49 U.S.C. § 40101, et seq.] and the regulations and standards prescribed under this part.
>
> An air carrier operating certificate shall –
>
> (1) contain terms necessary to ensure safety in air transportation; and
>
> (2) specify the places to and from which, and the airways of the United States over which, a person may operate as an air carrier.

13.     EagleMed, Med-Trans and AMC each are registered to operate as an air taxi under 14 C.F.R. Part 298, including those operations occurring in Wyoming.  AMC is authorized under its operations specifications to conduct air ambulance operations under various business names, including RMH.

14.     Each Plaintiff is an air carrier authorized for interstate operations.

15. The State of Wyoming requires that air ambulances comply with Federal Aviation Regulations and 14 C.F.R. Part 135.

16. EagleMed, Med-Trans and AMC (under AMC's authorized business names) are licensed by the State of Wyoming as air ambulance service providers. See **Ex. B** (Plaintiffs' licenses).

17. As licensed providers of life-saving emergent air ambulance transportation, Plaintiffs transport critically-ill or injured patients – regardless of their ability to pay – to the closest appropriate hospital when requested by third-party medical professionals or first responders. Plaintiffs employ paramedics and nurses who provide medical services to patients during transportation. Wyoming Emergency Medical Services regulations require at least one certified EMT on all ambulance service flights. Wyoming EMS Regs., Ch. 4, § 1(b). An EMT may have his/her license suspended or revoked for gross negligence/malpractice or unprofessional or unethical conduct, which could include failing to provide emergency medical services to a patient based on the patient's ability to pay for such services. *Id.* at Ch. 5, §§ 9(b)(viii) & (ix).

18. The Airline Deregulation Act ("ADA"), 49 U.S.C. § 41713, which amended the Federal Aviation Act ("FAA"), 49 U.S.C. §§ 40101 *et seq.*, contains an express preemption clause that provides:

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States **may not enact or enforce** a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1) (emphasis added). Congress included this express preemption clause "to ensure that States would not undo federal deregulation with regulation of their own."

(*Morales v. Trans World Airlines, Inc.,* 504 U.S. 374, 378 (1992)), and to "prevent conflicts and inconsistent regulations" of air carriers by the federal government and the fifty states. H.R. Rep. No. 95-1211, at 16 (1978).

19.     Defendant is the state agency charged with the task of operating Wyoming's Workers' Compensation program and pays for the costs of medical care necessary to treat employee workplace injuries.

20.     Pursuant to Wyoming's Worker's Compensation Act,  "[i]f transportation by ambulance is necessary, the [D]ivision shall allow a reasonable charge for the ambulance service at a rate not in excess of the rate schedule established by the director under the procedure set forth for payment of medical and hospital care." Wyo. Stat. § 27-14-401(e).

21.     Plaintiffs are prohibited from collecting fees directly from patients who receive services due to work-related injuries.   Wyo. Stat. § 27-14-501(a) ("Fees or portions of fees for injury related services or products rendered shall not be billed to or collected from the injured employee.")

22.     Under authority granted by the Wyoming Legislature, the Division enacted rules adopting a fee schedule for reimbursement to medical providers for Workers' Compensation claims at Rules, Regulations and Fee Schedules of the Wyoming Workers' Compensation Division, Ch.9.  See **Ex. C**.

23.     Pursuant to the Division's Rules, air ambulance providers shall be reimbursed "the lesser of the billed charge or the maximum allowable rate for the code appropriate for the documented service."   Rules, Regulations and Fee Schedules of the Wyoming Workers' Compensation Division, Ch.9, § 8.

24.     With respect to air ambulance services, the maximum allowable rates set forth in the Division's Fee Schedule are as follows:

| Code | Short Descriptor | Maximum Allowable |
|------|------------------|-------------------|
| A0430 | Air, Fixed Wing | $3,350.00 |
| A0431 | Air, Rotary Wing | $3,900.66 |
| A0435 | Mileage, Air, Fixed Wing | $ 10.30 per statute mile |
| A0436 | Mileage, Air, Rotary Wing | $ 27.47 per statute mile |
| Rules, Regulations and Fee Schedules of the Wyoming Workers' Compensation Division, Ch.9,§ 8(a). | | |

25.     Plaintiffs have timely submitted claims to the Division for air ambulance services provided to patients covered by Wyoming Workers' Compensation to the Division. Plaintiffs anticipate submitting similar claims in the future for services provided to injured Wyoming workers.

26.     The Division has repeatedly denied full payment for EagleMed's and Med-Trans' air ambulance services, including, by way of example, denying payment of $20,922.17 for air ambulance service provided to MT on December 7, 2012; denying payment of $29,202.70 for air ambulance service provided to KW on May 19, 2013; denying payment of $28,189.08 for air ambulance service provided to LF on June 19, 2013; denying payment of $27,540.50 for air ambulance service provided to SH on July 30, 2013; denying payment of $30,168.37 for air ambulance service provided to SW on July 31, 2013; and denying payment of $44,629.25 for air ambulance service provided to BG on September 6, 2013. The amounts owed by the Defendant to EagleMed and Med-Trans are all liquidated damages.

27.    The Division has repeatedly denied full payment for AMC and RMH's air ambulance services, including, by way of example, denying payment of $4,710.25 for air ambulance service provided to WC on September 25, 2012; denying payment of $25,601.60 for air ambulance service provided to JR on May 28, 2013; denying payment of $29,418.89 for air ambulance service provided to SJ on June 3, 2013; denying payment of $33,395.49 for air ambulance service provided to TB on July 20, 2013; denying payment of $38,672.30 for air ambulance service provided to BH on July 30, 2013; denying payment of $27,367.34 for air ambulance service provided to JG on August 13, 2013; denying payment of $34,201.00 for air ambulance service provided to AL on September 3, 2013; and denying payment of $39,908.30 for air ambulance service provided to RR on September 4, 2013   The amounts owed by the Defendant to AMC and RMH are all liquidated damages.

28.    Defendant relies on the above state statute and the Division's Fee Schedule as justification for its failure to reimburse Plaintiffs for the total amount of charges for their services.

29.    The Wyoming Worker's Compensation Act requires that health care providers, including Plaintiffs, submit their bills for services rendered to patients injured on the job to the Division for payment.  Wyo. Stat. § 27-14-501(d).

30.    Wyoming's Worker's Compensation Act requires that if any medical providers dispute denials of payment by the Division, such appeals are subject to an administrative review and contested case hearing under the Wyoming Administrative Procedures Act.  Wyo. Stat. § 27-14-601(k) & Wyo. Stat. § 27-14-602(b).

31.     Upon information and belief, the Division will continue to underpay Plaintiffs' charges for their services, citing the Division's Fee Schedule as justification for its underpayment.

32.     Plaintiffs have appealed the denial of fees to the Division, and those proceedings are currently stayed pending judicial resolution of this controversy.

## CLAIM FOR RELIEF
### (Declaratory Relief)

33.     Plaintiffs incorporate herein the foregoing allegations contained in this Complaint.

34.     A dispute has arisen between Plaintiffs and Defendant concerning Plaintiffs' requests for reimbursement for performance of air ambulance services. Defendant relies on and invokes State laws and regulations to reduce and regulate the prices that Plaintiffs charge for their air ambulance services.

35.     Pursuant to the Federal Aviation Act and the ADA, the Division is prohibited from regulating the prices of air ambulance services.

36.     Pursuant to Article VI, Section 2 of the U.S. Constitution (the Supremacy Clause), any state statute, rule, or regulation that conflicts with Federal law is pre-empted.

37.     Pursuant to Article 1, Section 37 of Wyoming's Constitution, the U.S. Constitution also pre-empts Wyoming law to the extent Wyoming laws or regulations are contrary to the laws of the United States enacted under the U.S. Constitution.

38.     Specifically, Wyoming's Workers' Compensation Act and the Division's Fee Schedule—when applied to air ambulance services in Wyoming—is unconstitutional and in conflict with the Federal Aviation Act and the Airline Deregulation Act, which prohibit any state from enacting or enforcing a law or regulation related to a price, route, or service of Plaintiffs.

Nevertheless, the Division claims that it is entitled to set rates for air ambulance services contrary to federal law.

39.     Therefore, Wyo. Stats. § 27-14-401(e), § 27-14-501(a), and all rules and regulations adopted therefrom are pre-empted by Federal law and inapplicable to air ambulance service providers such as Plaintiffs.

40.     This dispute between Plaintiffs and Defendant is an actual controversy between the parties.

41.     Accordingly, Plaintiffs request that the Court enter an order declaring that the State of Wyoming acting through the Division, an agency of the State of Wyoming, cannot regulate the prices of air ambulance providers, cannot subject Plaintiffs to the state workers' compensation fee schedule for air ambulance services, cannot prohibit Plaintiffs from billing patients for services rendered, that Wyo. Stats. § 27-14-401(e), § 27-14-501(a), and the Division's Fee Schedule are contrary to federal law and the United States Constitution.

**WHEREFORE**, Plaintiffs pray that the Court find in favor of the Plaintiffs as described above, taxable fees and costs, and for such other and further relief as the Court finds just under the circumstances.

DATED this _18_ day of February, 2015.

EAGLEMED, LLC and MED-TRANS
CORPORATION

By: _____

Richard A. Mincer, #6-2886
Jacob L. Brooks, #6-3972
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, WY 82003
(307) 632-0541

Attorneys for EagleMED, LLC and Med-
Trans Corporation


AIR METHODS CORPORATION and ROCKY
MOUNTAIN HOLDINGS, LLC


By: _____

Joanna R. Vilos, #6-4006
Matthew J. Smith
*(pro hac vice motion pending)*
HOLLAND & HART, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
307.778.4200

Attorneys for Air Methods Corporation and
Rocky Mountain Holdings, LLC

7511306_2