Richard A. Mincer, #6-2886
Jacob L. Brooks, #6-3972
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, WY 82003
(307) 632-0541
FAX: 307-632-4999
rmincer@hirstapplegate.com
jbrooks@hirstapplegate.com

Joanna R. Vilos, #6-4006
Matthew J. Smith (admitted *pro hac vice*)
HOLLAND & HART, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
(307) 778-4200
jvilos@hollandhart.com
mjsmith@hollandhart.com

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 JUN 18 PM 4 09

STEPHAN HARRIS, CLERK
CHEYENNE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EAGLEMED, LLC, a Delaware limited liability company, MED-TRANS CORPORATION, a North Dakota Corporation, AIR METHODS CORPORATION, a Delaware Corporation, and ROCKY MOUNTAIN HOLDINGS, LLC, a Delaware limited liability company, ) ) ) ) ) ) ) | Civil Action No.: 15-CV-00026-J |
| Plaintiffs, ) ) | |
| v. ) ) | |
| STATE OF WYOMING, ex rel., DEPARTMENT OF WORKFORCE SERVICES, WORKERS' COMPENSATION DIVISION, JOAN K. EVANS, in her Official Capacity as Director of the Wyoming Department of Workforce Services, JOHN YSEBAERT, in his Official Capacity as Administrator of the Wyoming Department of Workforce Services, Office of Standards and Compliance, and PETE SIMPSON, in his Official Capacity as Senior Management Consultant and Deputy Administrator, Provider Services of the Wyoming Department of Workforce Services, Workers' Compensation Division, ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

# *AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF*

Plaintiffs EagleMed, LLC, Med-Trans Corporation, Air Methods Corporation and Rocky Mountain Holdings, LLC, for their Complaint against Defendants: the State of Wyoming, ex rel. Department of Workforce Services, Workers' Compensation Division; Joan K. Evans, in her Official Capacity as Director of the Wyoming Department of Workforce Services; John Ysebaert, in his Official Capacity as Administrator of the Wyoming Department of Workforce Services, Office of Standards and Compliance; and Pete Simpson, in his Official Capacity as Senior Management Consultant and Deputy Administrator, Provider Services of the Wyoming Department of Workforce Services, Workers' Compensation Division, state and allege as follows:

## PARTIES

1. EagleMed, LLC ("EagleMed") is a Delaware limited liability company with its principal place of business located in Kansas.

2. Med-Trans Corporation ("Med-Trans") is a North Dakota corporation with its principal place of business located in Texas.

3. Air Methods Corporation ("AMC") is a Delaware corporation with its principal place of business located in Colorado.

4. Rocky Mountain Holdings, LLC ("RMH"), a wholly owned subsidiary of AMC, (RMH and, collectively with EagleMed, Med-Trans, and AMC may be referred to as "Plaintiffs") is a Delaware limited liability company with its principal place of business located in Colorado.

5. State of Wyoming, Department of Workforce Services, Workers' Compensation Division ("Division") is a Wyoming state agency located in Wyoming.

6. The Division is a state agency tasked with operating and administering the Wyoming's Workers' Compensation program. The Division is not an insurance company and not subject to state or federal rules or regulations governing insurance providers.

7. Joan K. Evans is the Director of the Wyoming Department of Workforce Services, sued in her official capacity.

8. John Ysebaert is the Administrator of the Wyoming Department of Workforce Services, Office of Standards and Compliance, sued in his official capacity.

9. Pete Simpson is the Senior Management Consultant of the Wyoming Department of Workforce Services and serves as the Deputy Administrator, Provider Services, Workers' Compensation Division, sued in his official capacity.

## JURISDICTION AND VENUE

10. The Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331 in that this is a civil action arising under: the Supremacy Clause of the United States Constitution, Article VI, clause 2; the Commerce Clause of the United States Constitution, Article 1, Section 8; and a law of the United States known as the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. § 41713(b)(1). Additionally, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1337, because the matter arises under the ADA, which is an Act of Congress that regulates commerce. Finally, subject matter jurisdiction is proper under 28 U.S.C. §§ 2201 and 2202, as this is an actual controversy in which Plaintiffs seek a declaratory judgment.

11. Venue is proper in this Court pursuant to 28 U.S.C.A. § 1391 in that Defendants are subject to personal jurisdiction in the District of Wyoming.

## BACKGROUND

12. Each Plaintiff provides air ambulance services throughout the United States, including Wyoming.

13. EagleMed, Med-Trans and AMC each hold a "Part 135 Certificate" issued by the Federal Aviation Administration ("FAA") pursuant to 14 C.F.R. Part 135. See **Ex. A** (Plaintiffs' Part 135 Certificates).

14. The FAA grants Part 135 Certificates pursuant to the legislative direction of Congress, which sets forth in the Federal Aviation Act, 49 U.S.C. § 44705, that:

> The Administrator of the Federal Aviation Administration shall issue an air carrier operating certificate to a person desiring to operate as an air carrier when the Administrator finds, after investigation, that the person properly and adequately is equipped and able to operate safely under this part [49 U.S.C. § 40101, et seq.] and the regulations and standards prescribed under this part.
>
> An air carrier operating certificate shall –
>
> (1) contain terms necessary to ensure safety in air transportation;
>
> and
>
> (2) specify the places to and from which, and the airways of the United States over which, a person may operate as an air carrier.

15. EagleMed, Med-Trans and AMC each are registered to operate as an air taxi under 14 C.F.R. Part 298, including those operations occurring in Wyoming. AMC is authorized under its operations specifications to conduct air ambulance operations under various business names, including RMH.

16. Each Plaintiff is an air carrier authorized for interstate operations.

17. The State of Wyoming requires that air ambulances comply with Federal Aviation Regulations and 14 C.F.R. Part 135.

18. EagleMed, Med-Trans and AMC (under AMC's authorized business names) are licensed by the State of Wyoming as air ambulance service providers. See **Ex. B** (Plaintiffs' licenses).

19. As licensed providers of life-saving emergent air ambulance transportation, Plaintiffs transport critically-ill or injured patients – regardless of their ability to pay – to the closest appropriate hospital when requested by third-party medical professionals or first responders. Plaintiffs employ paramedics and nurses who provide medical services to patients during transportation. Wyoming Emergency Medical Services regulations require at least one certified EMT on all ambulance service flights. Wyoming EMS Regs., Ch. 4, § 1(b). An EMT may have his/her license suspended or revoked for gross negligence/malpractice or unprofessional or unethical conduct, which could include failing to provide emergency medical services to a patient based on the patient's ability to pay for such services. *Id.* at Ch. 5, §§ 9(b)(viii) & (ix).

20. The Federal Aviation Act, 49 U.S.C. §§ 40101, *et seq.*, charges the FAA with promulgating and enforcing the federal regulatory scheme by which aircraft in the United States are operated and maintained.

21. The ADA, which amended the Federal Aviation Act, contains an express preemption clause that provides:

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States **may not enact or enforce** a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under this subpart.

49 U.S.C. § 41713(b)(1) (emphasis added). Congress included this express preemption clause "to ensure that States would not undo federal deregulation with regulation of their own," *Morales*

*v. Trans World Airlines, Inc.*, 504 U.S. 374, 378 (1992), and to "prevent conflicts and inconsistent regulations" of air carriers by the federal government and the fifty states. H.R. Rep. No. 95-1211, at 16 (1978).

22. This express preemption provision is contained in Subpart II of the Federal Aviation Act, entitled "Economic Regulation." Congress has stated that in carrying out this portion of the Act:

> [T]he Secretary of Transportation shall consider the following matters, among others, as being in the public interest and consistent with public convenience and necessity:
>
> > (6) placing maximum reliance on competitive market forces and on actual and potential competition ... to provide the needed air transportation system;
> >
> > [...]
> >
> > (12) encouraging, developing, and maintaining an air transportation system relying on actual and potential competition ...;
> >
> > (13) encouraging entry into air transportation markets by new and existing air carriers and the continued strengthening of small air carriers to ensure a more effective and competitive airline industry.

49 U.S.C. § 40101.

23. Defendant Division is the state agency charged with the task of operating Wyoming's Workers' Compensation program and pays for the costs of medical care necessary to treat employee workplace injuries. As Director of the Wyoming Department of Workforce Services, Defendant Evans authorizes and oversees the Division's operations, which are implemented and enforced by Defendants Ysebaert and Simpson.

24. Pursuant to Wyoming's Workers' Compensation Act, "[i]f transportation by ambulance is necessary, the [D]ivision shall allow a reasonable charge for the ambulance service

at a rate not in excess of the rate schedule established by the director under the procedure set forth for payment of medical and hospital care." Wyo. Stat. § 27-14-401(e).

25. Plaintiffs are prohibited from collecting fees directly from patients who receive services due to work-related injuries. Wyo. Stat. § 27-14-501(a) ("Fees or portions of fees for injury related services or products rendered shall not be billed to or collected from the injured employee.")

26. Defendants are responsible for interpreting, enforcing, and executing Wyoming's Workers' Compensation Act, which empowers them to adopt rules and regulations in furtherance of the Act. Under this authority, Defendants enacted rules adopting a fee schedule for reimbursement to medical providers for Workers' Compensation claims at <u>Rules, Regulations and Fee Schedules of the Wyoming Workers' Compensation Division</u>, Ch. 9. See **Ex. C**.

27. Pursuant to the Division's Rules, air ambulance providers shall be reimbursed "the lesser of the billed charge or the maximum allowable rate for the code appropriate for the documented service." Rules, Regulations and Fee Schedules of the Wyoming Workers' Compensation Division, Ch. 9, § 8.

28. With respect to air ambulance services, the maximum allowable rates set forth in the Division's Fee Schedule are as follows:

| Code | Short Descriptor | Maximum Allowable |
|---|---|---|
| A0430 | Air, Fixed Wing | $3,350.00 |
| A0431 | Air, Rotary Wing | $3,900.66 |
| A0435 | Mileage, Air, Fixed Wing | $10.30 per statute mile |
| A0436 | Mileage, Air, Rotary Wing | $27.47 per statute mile |
| Rules, Regulations and Fee Schedules of the Wyoming Workers' | | |

| Compensation Division, Ch.9,§ 8(a). |

29. Pursuant to the Wyoming Workers' Compensation Act and Division rules and regulations enacted by Defendants, Plaintiffs must submit to the Division all bills for services provided to any injured employee who qualifies as a claimant under the Act. The Act prohibits Plaintiffs from billing the injured employee or his/her employer in lieu of the Division.

30. Plaintiffs have timely submitted claims to the Division for air ambulance services provided to patients covered by Wyoming Workers' Compensation. Plaintiffs anticipate submitting similar claims in the future for services provided to injured Wyoming workers.

31. The Division has repeatedly denied full payment for EagleMed's and Med-Trans' air ambulance services, including, by way of example, denying payment of $20,922.17 for air ambulance service provided to MT on December 7, 2012; denying payment of $29,202.70 for air ambulance service provided to KW on May 19, 2013; denying payment of $28,189.08 for air ambulance service provided to LF on June 19, 2013; denying payment of $27,540.50 for air ambulance service provided to SH on July 30, 2013; denying payment of $30,168.37 for air ambulance service provided to SW on July 31, 2013; and denying payment of $44,629.25 for air ambulance service provided to BG on September 6, 2013.

32. The Division has repeatedly denied full payment for AMC's and RMH's air ambulance services, including, by way of example, denying payment of $4,710.25 for air ambulance service provided to WC on September 25, 2012; denying payment of $25,601.60 for air ambulance service provided to JR on May 28, 2013; denying payment of $29,418.89 for air ambulance service provided to SJ on June 3, 2013; denying payment of $33,395.49 for air ambulance service provided to TB on July 20, 2013; denying payment of $38,672.30 for air ambulance service provided to BH on July 30, 2013; denying payment of $27,367.34 for air

ambulance service provided to JG on August 13, 2013; denying payment of $34,201.00 for air ambulance service provided to AL on September 3, 2013; and denying payment of $39,908.30 for air ambulance service provided to RR on September 4, 2013.

33. Defendants rely on the above state statute and the Division's Fee Schedule as justification for their failure to reimburse Plaintiffs for the total amount of charges for their services.

34. The Wyoming Workers' Compensation Act requires that health care providers, including Plaintiffs, submit their bills for services rendered to patients injured on the job to the Division for payment. Wyo. Stat. § 27-14-501(d).

35. Wyoming's Workers' Compensation Act requires that if any medical providers dispute denials of payment by the Division, such appeals are subject to an administrative review and contested case hearing under the Wyoming Administrative Procedures Act. Wyo. Stat. § 27-14-601(k) & Wyo. Stat. § 27-14-602(b).

36. Upon information and belief, the Division will continue to underpay Plaintiffs' charges for their services, citing the Division's Fee Schedule as justification for its underpayment.

37. Plaintiffs have appealed the denial of fees to the Division, and those proceedings are currently stayed pending judicial resolution of this controversy.

## CLAIM FOR RELIEF
### (Declaratory and Injunctive Relief)

38. Plaintiffs incorporate herein the foregoing allegations contained in this Complaint.

39. A dispute has arisen between Plaintiffs and Defendants concerning Plaintiffs' requests for reimbursement for performance of air ambulance services. Defendants rely on and

invoke State laws and regulations to reduce and regulate the prices that Plaintiffs charge for their air ambulance services.

40. Pursuant to the Federal Aviation Act and the ADA, Defendants are prohibited from regulating the prices of air ambulance services.

41. Pursuant to Article VI, clause 2 of the U.S. Constitution (the Supremacy Clause), any state statute, rule, or regulation that conflicts with Federal law is pre-empted by the ADA.

42. Pursuant to Article 1, Section 37 of Wyoming's Constitution, the U.S. Constitution also pre-empts Wyoming law to the extent Wyoming laws or regulations are contrary to the laws of the United States enacted under the U.S. Constitution.

43. Specifically, Wyoming's Workers' Compensation Act and the Division's Fee Schedule—when applied to air ambulance services in Wyoming—are unconstitutional and in conflict with the Federal Aviation Act and the Airline Deregulation Act, which prohibit any state from enacting or enforcing a law or regulation related to a price, route, or service of Plaintiffs. Nevertheless, the Division claims that it is entitled to set rates for air ambulance services contrary to federal law.

44. Therefore, Wyo. Stats. § 27-14-401(e), § 27-14-501(a), and all rules and regulations adopted therefrom are pre-empted by Federal law and inapplicable to air ambulance service providers such as Plaintiffs.

45. This dispute between Plaintiffs and Defendants is an actual controversy between the parties.

46. Accordingly, Plaintiffs request that the Court enter an order declaring: that the State of Wyoming acting through the Division, an agency of the State of Wyoming, Defendant Evans, its Director, Defendant Ysebaert as Administrator of the Office of Standards and

Compliance, and Defendant Simpson as the Senior Management Consultant for the Workers' Compensation Division serving as the Deputy Administrator, Provider Services for the Division, cannot regulate the prices of air ambulance providers, cannot subject Plaintiffs to the state workers' compensation fee schedule for air ambulance services, and cannot prohibit Plaintiffs from billing patients for services rendered; and that Wyo. Stats. § 27-14-401(e), § 27-14-501(a), and the Division's Fee Schedule are contrary to federal law and the United States Constitution.

47. Plaintiffs further request that the Court enjoin Defendants, including their agents, employees, and all persons acting in concert or participation with them, from enforcing or seeking to enforce the provisions of the Wyoming statutes, rules, and regulations that the Court determines to be invalid and preempted by federal law and also enjoining Defendants from enacting any further such rules or regulations.

**WHEREFORE**, Plaintiffs pray that the Court find in favor of the Plaintiffs as described above, taxable fees and costs, and for such other and further relief as the Court finds just under the circumstances.

DATED this 18th day of June, 2015.

                EAGLEMED, LLC and MED-TRANS CORPORATION

By: _____
                Richard A. Mincer, #6-2886
                Jacob L. Brooks, #6-3972
                HIRST APPLEGATE, LLP
                P.O. Box 1083
                Cheyenne, WY 82003
                (307) 632-0541

                Attorneys for EagleMED, LLC and Med-Trans Corporation

                AIR METHODS CORPORATION and ROCKY MOUNTAIN HOLDINGS, LLC

By: _____
                Joanna R. Vilos, #6-4006
                Matthew J. Smith
                *(pro hac vice motion pending)*
                HOLLAND & HART, LLP
                2515 Warren Avenue, Suite 450
                P.O. Box 1347
                Cheyenne, WY 82003-1347
                307.778.4200

                Attorneys for Air Methods Corporation and Rocky Mountain Holdings, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served via U.S. Mail, postage prepaid to the following on June 18, 2015:

Michael J. Finn, Senior Assistant Attorney General
Charlotte M. Powers, Assistant Attorney General
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, Wyoming 82002
Telephone: (307) 777-7242
Fax: (307) 777-7015
mick.finn@wyo.gov
charlotte.powers@wyo.gov

ATTORNEYS FOR THE WYOMING
WORKERS' COMPENSATION DIVISION

*Joanna R. Vilos*

7845474_3