Peter K. Michael
Attorney General

John D. Rossetti
Deputy Attorney General

Michael J. Finn, Wyo. State Bar #5-2396
Senior Assistant Attorney General
Charlotte M. Powers, Wyo. State Bar #7-5445
Assistant Attorney General
123 State Capitol
Cheyenne, WY 82002
(307) 777-7242
(307) 777-7015
mick.finn@wyo.gov
charlotte.powers@wyo.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| EAGLEMED, LLC, et al., ) | Civil Action No.: 15-CV-26-J |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| STATE OF WYOMING, ex rel., DEPARTMENT ) | |
| OF WORKFORCE SERVICES, WORKERS' ) | |
| COMPENSATION DIVISION, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**DEPARTMENT OF WORKFORCE SERVICES,**
**WORKERS' COMPENSATION DIVISION'S ANSWER AND COUNTERCLAIM**
**FOR DECLARATORY JUDGMENT**

COMES NOW Defendants State of Wyoming, Department of Workforce Services, Workers' Compensation Division (hereinafter "the Division"), and Director of the Department Joan K. Evans in her official capacity, Administrator of the Department of Workforce Services John Ysebaert in his official capacity and Senior Management Consultant within the Workers' Compensation Division Pete Simpson in his official capacity, by and through its undersigned

1

attorney, and submits its Answer and Counterclaim to Plaintiffs' Amended Complaint for Declaratory Judgment and Injunctive Relief in the above-entitled matter states as follows:

## PARTIES

1. Defendants are without sufficient information upon which to form a belief as to the truth of the matters alleged in paragraph 1 of Plaintiffs' Amended Complaint and thus all allegations are denied.

2. Defendants are without sufficient information upon which to form a belief as to the truth of the matters alleged in paragraph 2 and thus all allegations are denied.

3. Defendants are without sufficient information upon which to form a belief as to the truth of the matters alleged in paragraph 3 and thus all allegations are denied.

4. Defendants are without sufficient information upon which to form a belief as to the truth of the matters alleged in paragraph 4 and thus all allegations are denied.

5. Defendants admit the allegations in paragraph 5.

6. As to paragraph 6 of Plaintiffs' Amended Complaint, Defendants admit the Workers' Compensation Division is a state agency, but deny all remaining allegations averred.

7. Defendants admit the allegations in paragraph 7.

8. Defendants admit the allegations in paragraph 8.

9. Defendants admit the allegations in paragraph 9.

## JURISDICTION AND VENUE

10. Defendants deny that the Court has subject matter jurisdiction as alleged in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

## BACKGROUND

12. Defendants admit that Plaintiffs provide air ambulance services, but are without sufficient information upon which to form a belief as to the range of services alleged in paragraph 12 of Plaintiffs' Amended Complaint and therefore deny those allegations.

13. Defendants are without sufficient information upon which to form a belief as to the truth or currency of the matters alleged in paragraph 13 and therefore deny those allegations.

14. To the extent that paragraph 14 sets forth a legal conclusion, it is denied.

15. Defendants are without sufficient information upon which to form a belief as to the truth of the matters alleged in paragraph 15 and therefore deny those allegations.

16. Defendants are without sufficient information upon which to form a belief as to the truth of the matters alleged in paragraph 16 and therefore deny those allegations.

17. Defendants admit the allegations of paragraph 17 to the extent that Wyoming rules and regulations for emergency medical services do require that air ambulances comply with various Federal aviation regulations.[1]

18. Defendants assume the Exhibit B identified in paragraph 18 of Plaintiffs' Amended Complaint refers to the Exhibit B attached to Plaintiffs' initial Complaint, filed February 18, 2015. Defendants are without knowledge as to the current status of Plaintiffs'

---

[1] Pilots of air ambulances are required to comply with the current Federal Aviation Regulations and 14 CFR 135 while providing air ambulance service. Wyo. EMS Regs. Ch. 4 § 3. Air ambulances must possess a FAA certificate of airworthiness maintained current by compliance with required FAA inspections. Wyo. EMS Regs. Ch. 3 § 7. Air ambulance communications capabilities must satisfy pertinent Federal Aviation Regulations. Wyo. EMS Regs. Ch. 3 § 8.

licenses. All allegations in paragraph 18 are therefore denied for lack of sufficient information upon which to form a belief as the matters alleged.

19. Defendants admit that Wyoming emergency medical services regulations include an emergency medical technician (EMT) requirement for air ambulance flights and provisions for EMT certificate revocation or suspension. Wyo. EMS Regs. Ch. 4 § 1(b) and Ch 5 § 9(b)(viii) & (xi). However, Defendants deny all other allegations and conclusions in paragraph 19.

20. Defendants deny that the Federal Aviation Administration (FAA) alone is charged with the duties as described and alleged in paragraph 20. *See* 49 U.S.C.A. § 40113(a).

21. Defendants admit the descriptions of the legal authorities cited in paragraph 21. Any legal conclusions therein are denied.

22. Defendants admit the descriptions of the legal authorities cited in paragraph 22. Any legal conclusions therein are denied.

23. Defendants deny the allegations in paragraph 23.

24. Defendants admit the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants admit that the language quoted in paragraph 27 is provided by the *Rules, Regulations and Fee Schedules of the Wyoming Workers' Compensation Division* (hereinafter the "Rules").

28. Defendants admit the Fee Schedule for air ambulance services set forth in the Rules includes the rates alleged in paragraph 28, along with rates for payment of additional, related services such as advanced life support and specialty care transport.

29. Defendants deny the allegations in paragraph 29.

30. Defendants admit that Plaintiffs have submitted timely claims in the past, but Defendants are without sufficient information upon which to form a belief as to the truth of all other allegations in paragraph 30 and therefore deny those allegations.

31. Defendants admit to the differences between amounts billed and amounts paid for the individual claims listed in paragraph 31. All other allegations and conclusions stated therein are denied.

32. Defendants admit to the differences between amounts billed and amounts paid for the individual claims listed in paragraph 32. All other allegations and conclusions stated therein are denied.

33. As to paragraph 33, Defendants admit that the Rules include an air ambulance fee schedule, issued pursuant to the direction of Wyoming Statute § 27-3-401(e). Any other allegations and conclusions stated therein are denied.

34. Defendants deny the allegations in paragraph 34.

35. Defendants admit the allegations of paragraph 35 to the extent that Wyoming Statute §§ 27-14-601(k) and 602(b) provide procedure for administrative review of workers' compensation claim determinations and this procedure includes a contested case hearing.

36. Defendants deny the allegations in paragraph 36.

37. Defendants admit that there are stayed administrative proceedings as alleged in paragraph 37.

## CLAIM FOR RELIEF
### (Declaratory and Injunctive Relief)

38. Defendants do not adopt paragraph 38, and incorporate herein the foregoing admissions and denials of the allegations put forth in Plaintiffs' Amended Complaint.

39. Defendants deny the allegations and conclusions of paragraph 39.

40. Defendants admit the allegations of paragraph 40 to the extent that 49 U.S.C. § 41713 prohibits Wyoming from enacting or enforcing "a law, regulation, or other provision having the force and effect of law related to a price, route, or service of an air carrier that may provide air transportation under [that] subpart" of the Aviation Deregulation Act. Any further allegations or legal conclusions stated in said paragraph are denied.

41. As to paragraph 41, Defendants admit that the Supremacy Clause of the U.S. Constitution provides that a State statute, rule or regulation is without effect if it is expressly preempted by federal law, if it is in conflict with federal law, or if federal regulation is so pervasive as to occupy a whole field of law. Any further allegations or legal conclusions stated in said paragraph are denied.

42. As to paragraph 42, Defendants admit that Article 1, section 37, of the Wyoming Constitution provides that "[t]he State of Wyoming is an inseparable part of the federal union, and the constitution of the United States is the supreme law of the land[.]" Any further allegations or legal conclusions stated in said paragraph are denied.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants oppose the relief requested in paragraph 46 and deny the allegations and conclusions averred therein.

47. Defendants oppose the relief requested in paragraph 47 and deny the allegations and conclusions averred therein. Additionally, Plaintiffs have failed to provide analysis in support of their request for a permanent injunction to satisfy the four-part test for determining when such a remedy may be granted under the well-established principles of equity. *See Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 156-57 (2010) (*citing eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391(2006)).

48. All allegations not herein expressly admitted are deemed denied.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs' Amended Complaint is barred under the doctrine of state sovereign immunity, reaffirmed by the Eleventh Amendment of the U.S. Constitution. There is no applicable waiver of state sovereign immunity and no exception to state sovereign immunity for the named defendants.

3. Plaintiffs' Amended Complaint does not satisfy the Case or Controversy Clause of Article III of the U.S. Constitution. Plaintiffs therefore lack standing to sue for an injunction and fail to provide a case of actual controversy as required for declaratory judgment under 28 U.S.C.A. § 2201.

4. Plaintiffs' Amended Complaint is barred as unjusticiable under the political question doctrine.

5. Plaintiffs' Amended Complaint is barred under the doctrine of estoppel and laches.

6. Defendant reserves the right to assert additional affirmative defenses as they become known.

WHEREFORE Defendants, State of Wyoming's Department of Workforce Services, Director Joan K. Evans in her official capacity, Administrator John Ysebaert in his official capacity, and Senior Management Consultant Pete Simpson in his official capacity, requests as follows:

1. For the Court to dismiss Plaintiffs' Amended Complaint for failure to state a claim upon which relief may be granted.

2. For the Court to dismiss Plaintiffs' Amended Complaint for lack of subject-matter jurisdiction with regards to the State of Wyoming, its agencies and its authorized officers under state sovereign immunity.

3. For the Court to dismiss Plaintiffs' Amended Complaint for lack of standing under the Case or Controversy Clause of the U.S. Constitution and failure to provide a case of actual controversy as required for declaratory judgment.

4. For the Court to dismiss Plaintiffs' Amended Complaint, because it is nonjusticiable under the political question doctrine.

5. For the Court to dismiss Plaintiffs' Amended Complaint under the doctrines of estoppel and laches, because Plaintiffs sought payment for their services through claims submitted to the Division and accepted the compensation paid.

6. For its costs and such other relief as the Court deems proper.

# COUNTERCLAIM FOR DECLARATORY JUDGMENT

1. Defendants assert a counterclaim against Plaintiffs in the alternative to their affirmative defenses. Defendants do not intend for this counterclaim to act as waiver of state sovereign immunity. *See Mescalero Apache Tribe v. State of N.M.*, 131 F.3d 1379, 1385 (10th Cir. 1997) (holding that a State does not waive sovereign immunity by filing a counterclaim).

2. In the alternative to dismissal of the Plaintiffs' Amended Complaint, Defendants' counterclaim asks the Court for declaratory judgment that Wyoming Statute §§27-14-401(e) and 27-14-501(a), and air ambulance Fee Schedule in Chapter 9 § 8 of the Rules are not preempted by federal aviation regulation for the following five reasons:

   a. First, if the Court were to find that the ADA (49 USC § 41713(b)(1)) preempted Wyoming Statute §§27-14-401(e) and 27-14-501(a), and the air ambulance Fee Schedule issued pursuant to these statutes, the result would be destructive of traditional state authority and impair the ability of the State of Wyoming to manage and direct its Workers' Compensation Program.

   b. Second, the Division's Fee Schedule, and Wyoming Statute §§ 27-14-401(e) and 501(a), are not subject to express preemption by the ADA. These statutes and rule are neither an on-face state regulation of air carrier prices, routes and services, nor are they state regulations that impose a substantial impact on air carrier prices, routes or services. *See* 49 U.S.C.A. § 41713(b)(1).

   c. Third, the Division's Fee Schedule, and Wyoming Statute §§ 27-14-401(e) and 501(a), are not subject to implied preemption by the ADA. The Fee Schedule, and Wyoming Statute §§ 27-14-401(e) and 501(a), are regulations of medical care under a

state program promoting access to medical services, and therefore are not subject to federal field preemption of aviation safety and economic regulation.

    d.    Fourth, the Division's Fee Schedule, and Wyoming Statute §§ 27-14-401(e) and 501(a), only affect Plaintiffs if they choose to seek compensation for air ambulance services through the Division. Because Plaintiffs are subject to the Fee Schedule and related statutes by choice, the State of Wyoming interacts with Plaintiffs as a market participant, not as a regulator. The Aviation Deregulation Act does not preempt enforcement of such terms and undertakings as an airline voluntarily enters. *See Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995).

    e.    Fifth, the McCarran-Ferguson Act reverse preemption provision for state regulation of the business of insurance prevents Aviation Deregulation Act preemption of the Division's Fee Schedule, and Wyoming Statute §§ 27-14-401(e) and 501(a). The Wyoming Workers' Compensation Act was enacted to regulate the business of insurance in the area of industrial accident insurance.

WHEREFORE Defendants, State of Wyoming's Department of Workforce Services, Director Joan K. Evans in her official capacity, Administrator John Ysebaert in his official capacity, and Senior Management Consultant Pete Simpson in his official capacity, requests as follows:

    1.    For the Court to declare that Wyoming Statute §§ 27-14-401(e), 27-14-501(a) and the Division's Fee Schedule are not contrary to the United States Constitution, the Federal Aviation Act or the Airline Deregulation Act with regards to air ambulance services provided to patients who have sought and received coverage by Wyoming Workers' Compensation.

2. For the Court to declare that the State of Wyoming, acting through the Division, can enact and enforce a state air ambulance fee schedule for the purposes of maintaining medical care standards for workers covered by Wyoming Workers' Compensation and protecting the continuing functionality of the Workers' Compensation program, enacted as a means of regulating the business of insurance to ensure industrial accident insurance for Wyoming workers.

3. For the Court to declare that the State of Wyoming, acting through the Division, can prohibit Plaintiffs from billing patients covered by Wyoming Worker's Compensation Act for services rendered if Plaintiffs have already chosen to submit claims to the Division for those same services and accepted payment from the Division pursuant to those claims.

4. For such other and further relief as the Court may deem just and proper.

**DATED** this 29th day of June, 2015.

/s/
Charlotte Powers, Wyo. Bar No. 7-5445
Assistant Attorney General
Michael J. Finn, Wyo. Bar No. 5-2396
Senior Assistant Attorney General
123 Capitol
Cheyenne, WY 82002
(307) 777-7242
(307) 777-7015
charlotte.powers@wyo.gov
mick.finn@wyo.gov

## CERTIFICATE OF SERVICE

I certify the foregoing *Department Of Workforce Services, Workers' Compensation Division's Answer and Counterclaim* was served upon all parties to this action on the 29th day of June, 2015, by the CM/ECF system.

| | |
|---|---|
| Richard A. Mincer | Joanna R. Vilos |
| Jacob L. Brooks | Matthew J. Smith |
| Hirst Applegate, LLP | Holland & Hart LLP |
| P.O. Box 1083 | 2515 Warren Avenue, Suite 450 |
| Cheyenne, WY  82003 | P.O. Box 1347 |
| rmincer@hirstapplegate.com | Cheyenne, WY  82003-1347 |
| jbrooks@hirstapplegate.com | jvilos@hollandhart.com |
| | mjsmith@hollandhart.com |

/s/
Office of the Wyoming Attorney General