Richard A. Mincer, #6-2886
Jacob L. Brooks, #6-3972
HIRST APPLEGATE, LLP
P.O. Box 1083
Cheyenne, WY 82003
(307) 632-0541
FAX: 307-632-4999
rmincer@hirstapplegate.com
jbrooks@hirstapplegate.com

Joanna R. Vilos, #6-4006
Matthew J. Smith (*pro hac vice motion pending*)
HOLLAND & HART, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
(307) 778-4200
jvilos@hollandhart.com
mjsmith@hollandhart.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| EAGLEMED, LLC, a Delaware limited liability company, MED-TRANS CORPORATION, a North Dakota Corporation, AIR METHODS CORPORATION, a Delaware Corporation, and ROCKY MOUNTAIN HOLDINGS, LLC, a Delaware limited liability company,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>STATE OF WYOMING, ex rel., DEPARTMENT OF WORKFORCE SERVICES, WORKERS' COMPENSATION DIVISION, JOAN K. EVANS, in her Official Capacity as Director of the Wyoming Department of Workforce Services, JOHN YSEBAERT, in his Official Capacity as Administrator of the Wyoming Department of Workforce Services, Office of Standards and Compliance, and PETE SIMPSON, in his Official Capacity as Senior Management Consultant of the Wyoming Department of Workforce Services, Workers' Compensation Division,<br><br>　　　　　　　　　Defendants. | Civil Action No.: 15-CV-0026-J |

# *PLAINTIFFS' ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIM*

Plaintiffs Eaglemed, LLC (Eaglemed), Med-Trans Corporation (Med-Trans), Air Methods Corporation (AMC) and Rocky Mountain Holdings, LLC (RMH) (collectively referred to as Plaintiffs), by and through their attorneys Hirst Applegate LLP and Holland & Hart LLP, hereby answer Defendant's amended counterclaim as follows:

## DEFENDANT'S COUNTERCLAIM FOR DECLARATORY JUDGMENT

1. Plaintiffs admit Defendants contend Plaintiffs' claim is barred by state sovereign immunity, but Plaintiffs deny this contention. Paragraph 1 contains legal conclusions/arguments to which no response is required at the pleading stage, as the parties will provide briefing on those issues at a later date. To the extent a response is required, Plaintiffs deny the allegations of Paragraph 1.

2. Plaintiffs admit Defendant seeks a declaratory judgment as described in Paragraph 2. Plaintiffs, however, affirmatively deny that Defendants are entitled to such a declaratory judgment in their favor. Plaintiffs deny that the action Plaintiffs have filed would be destructive of traditional state authority and impair the ability of the State of Wyoming to manage and direct the Workers' Compensation Program as alleged in Paragraph 2.a. Plaintiffs deny that the Division's Fee Schedule and Wyoming Statute §§ 27-14-401(e) and 501(a) are not subject to implied preemption by the ADA as alleged in Paragraph 2.c. Plaintiffs deny that the Division's Fee Schedule and Wyoming Statute §§ 27-14-401(e) and 501(a) are not subject to express preemption by the ADA as alleged in Paragraph 2.b. Plaintiffs deny that the Division's Fee Schedule and Wyoming Statute §§ 27-14-401(e) and 501(a) only affect Plaintiffs if they choose to seek compensation for air ambulance services through the Division and that Plaintiffs

have the choice to seek compensation for services rendered in connection with work-related injuries as allege in Paragraph 2.d. Plaintiff's deny that the McCarran-Ferguson Act applies to the Division's attempted regulation of Plaintiff's services and denies the implication that Defendants are in the business of insurance as alleged in Paragraph 2.e. The remainder of Paragraph 2, including all discrete sub-parts, contains legal conclusions/arguments to which no response is required at the pleading stage, as the parties will provide briefing on those issues at a later date. To the extent a response is required, Plaintiffs deny the allegations of Paragraph 2 and its sub-parts.

Plaintiffs are not required to respond to Defendant's request for relief. However, to the extent Defendant's request for relief asserts allegations, Plaintiffs deny each and every allegation.

Plaintiffs generally deny each and every allegation of Defendant's counterclaim not specifically admitted herein. Plaintiffs also incorporate the allegations of their original complaint in responding to Defendant's counterclaim.

## DEFENSES

1. Defendant's counterclaim fails to state a claim upon which relief may be granted.

2. Defendant's counterclaim is barred by the principles of estoppel, laches, waiver and/or unclean hands.

3. As a further and separate defense, Plaintiffs assert there is a lack of privity between Plaintiffs and Defendant.

4. Plaintiffs reserve the right to assert additional defenses as they become known.

*WHEREFORE*, Plaintiffs respectfully request:

1. An order declaring that (a) Defendant cannot regulate the prices of air ambulance providers, (b) Defendant cannot subject Plaintiffs to the state workers' compensation fee schedule for air ambulance services, (c) Defendant cannot prohibit Plaintiffs from billing patients for services rendered, and (d) Wyo. Stats. § 27-14-401(e), § 27-14-501(a) and Defendant's fee schedule are contrary to federal law and the United States Constitution;

2. An award of attorneys' fees and costs of suit incurred herein; and

3. Such other and further relief as the Court deems proper.

Dated: 16 July 2015.

AIR METHODS CORPORATION and ROCKY MOUNTAIN HOLDINGS, LLC

By: /s/ Matthew J. Smith
Joanna R. Vilos, #6-4006
HOLLAND & HART, LLP
2515 Warren Avenue, Suite 450
P.O. Box 1347
Cheyenne, WY 82003-1347
307.778.4200
jvilos@hollandhart.com

Matthew J. Smith (*admitted pro hac vice*)
HOLLAND & HART, LLP
555 Seventeenth Street, Suite 3200
Denver, CO 80202
303.295.8261
msmith@hollandhart.com

ATTORNEYS FOR AIR METHODS CORPORATION AND ROCKY MOUNTAIN HOLDINGS, LLC

EAGLEMED, LLC and MED-TRANS CORPORATION

By:    /s/ Jacob L. Brooks
       Richard A. Mincer, #6-2886
       Jacob L. Brooks, #6-3972
       Hirst Applegate, LLP
       P.O. Box 1083
       Cheyenne, WY 82003
       (307) 632-0541

ATTORNEYS FOR EAGLEMED, LLC AND MED-TRANS CORPORATION

*CERTIFICATE OF SERVICE*

The undersigned hereby certifies that a true and correct copy of the foregoing was served via CM/ECF to the following on 16 July 2015:

Michael J. Finn, Senior Assistant Attorney General
Charlotte M. Powers, Assistant Attorney General
Wyoming Attorney General's Office
123 Capitol Building
Cheyenne, Wyoming 82002
Telephone: (307) 777-7242
Fax: (307) 777-7015
mick.finn@wyo.gov
charlotte.powers@wyo.gov
ATTORNEYS FOR DEFENDANTS

OF HIRST APPLEGATE, LLP
ATTORNEYS FOR EAGLEMED, LLC AND MED-TRANS CORPORATION